CHARLES D. BRINK, APPELLANT, v. GRANVILLE P. SPAULDING.

*Evidence. Signature. Written Instruments.*

A certificate of a measurer having his name in the beginning of it, but not signed by him, like any other written instrument, if its authenticity is manifest, has a legal effect as evidence, and it is immaterial in what part of the paper the name of the party executing it, is found.

When the authenticity of an instrument is not apparent, the question arises whether it was intended that it should take effect according to its import and terms, and this question is one of fact to be found.

BOOK ACCOUNT. At the hearing before the auditor, the plaintiff presented the following account against the defendant:

" Mr. GRANVILLE P. SPAULDING,
                                 To CHARLES D. BRINK, *Dr.*
       1866.
                 To 72 cords of tan bark, at $8,                $576
       1866.                              *Cr.*
March 10. By cash,                                              $550
                                                              ‾‾‾‾‾‾
                                                               $ 26."

The plaintiff claimed a balance of $26. The only controversy was as to the quantity of the bark delivered. The defendant

·claimed that he had received only 59⅔ cords ; which, if true, would make the plaintiff indebted to the defendant. The defendant offered in evidence four papers as ; certificates of the measure of a portion of the bark, which were offered under the stipulation that they " might be received by the auditor in lieu of the deposition of George S. Rawson, whose certificates these papers were con-·ceded to be, provided these papers were not defective as certificates for the reason that said Rawson's name did not appear to be signed to them at the bottom." The plaintiff reserved this objection and waived all others. One of these papers was as follows, ·viz.:

" GEORGE S. RAWSON, MEASURER OF WOOD AND BARK,
HUDSON, MASS.

I hereby certify that R. & B. R. R. car, No. 1325, loaded ·with hemlock bark from Cavendish,· Vt., delivered to George Houghton April 18, 1867, measured $11\frac{85}{128}$ cords.

GEORGE S. RAWSON."

The three other papers were similar to the above, excepting ;that there was no signature at the bottom of them. The name of ;the measurer appeared only in the beginning, as in the above.

These were admitted as evidence by the auditor, subject to the ·objection of the plaintiff, and he found that there was nothing due ;to the plaintiff. At the December term, 1866, of the county court, MARCY, Assistant J., presiding, the plaintiff moved that the report be recommitted, on the ground that said papers were improperly received in evidence, which motion was denied, and judgment was rendered on the report for the defendant, to which the plaintiff excepted.

*Gilbert A. Davis*, for the plaintiff.

*L. Adams*, for the defendant.

The opinion of the court was delivered by

PROUT, J. This case shows that, on the trial before the auditor, certain papers were received in evidence, under a stipulation of ·the parties, in lieu of the deposition of one Geo. S. Rawson, who .measured a quantity of bark, the amount of which was in contro-

7

versy on that hearing. These papers were conceded to be the certificates of Rawson, and as evidence of the contested fact, if admissible, are material and weighty. They were admitted under the stipulation, but subject to the question reserved, whether they were not " defective as certificates;" that is, as we understand the report of the auditor, whether they were the *executed* certificates of Rawson, and should have effect as such, he not having signed them in the customary way.

Four of these papers are annexed to the report, Rawson's name appearing at the foot of one, and his name being found in the beginning of the other three. As evidence, having a legal effect and operation under the stipulation of the parties, they stand upon the principle applicable to any other written instrument used for purposes of proof. When their authenticity is manifest and clear, they are effective, and it is immaterial in what part of the paper the name of the party executing it, is found. But when this is not apparent, the question arises whether it was intended that they should take effect according to their import and terms, and this question is one of fact to be found. Any other rule is mischievous, and can not be sustained either upon grounds of policy or principle. *Johnson et al.* v. *Dodgson,* 2 M. & W., 653; *Hubert* v. *Treherne et al.,* 42 E. C. L., 388; *Adams* v. *Field,* 21 Vt., 256.

In this case it appears, as already intimated, that one of the certificates was signed by Rawson at the foot and as customary, indicating that he did not regard his name appearing in the beginning of it, as a signing or complete execution of it by him. The others, not thus executed, are affected by the principle alluded to; and, the auditor not having found that Rawson regarded them as perfected or duly executed, nor that he even delivered them, they were not of themselves evidence of the fact they severally purport to certify.

The judgment of the county court is reversed, and case remanded.